CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 19 2013

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT MAYTON, | CASE NO. 7:13CV00284 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| JEFFREY DILLMAN, WARDEN, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Robert Mayton, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] alleging that the Virginia Parole Board has violated his right to due process by wrongfully denying his applications for discretionary parole thirteen times. Upon review of the record, the court summarily dismisses the petition, based on Mayton's failure to exhaust state court remedies.[2]

I

Mayton was convicted in 1987 of capital murder, first degree murder, armed robbery, and three related firearms charges, related to the shotgun deaths of two men during a pizza store robbery in Madison Heights, Virginia. Mayton is serving two life sentences plus 31 years in prison for these crimes. He did not challenge his convictions or sentences on appeal or through habeas corpus proceedings.

---

[1] Petitioner originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the court of conviction is located in this district and petitioner is confined here.

[2] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In his § 2254 petition,[3] Mayton alleges the following grounds for relief:

1. The Parole Board has abused its discretionary power in reviewing petitioner's eligibility for parole release by failing to follow Va. Code §§ 53.1-136, 53.1-251, 53.1-252, and 53.1-155 and by denying petitioner's parole based on a factor that will never change and that does not constitute a rational reason for denial;

2. The Parole Board has violated petitioner's procedural due process rights by failing to follow Virginia statutes regarding discretionary parole release eligibility, because petitioner meets all requirements for parole release;

3. As applied to petitioner, Va. Code § 53.1-155 constitutes an ex post facto law, as it has been applied retroactively to deprive petitioner of his liberty interest in a fair parole hearing.

Mayton indicates that he has never presented these claims to any state court in post-conviction proceedings. As relief in this action, Mayton seeks his immediate release from confinement.

II

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, an inmate can exhaust his state court remedies regarding parole issues in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was

---

[3] Mayton also attempts to bring his claims, simultaneously, as a civil rights action under 42 U.S.C. § 1983, seeking injunctive relief ordering his release from confinement. It is well established that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In filing this action, Mayton seeks his immediate release from confinement. Accordingly, his claims are not actionable under § 1983, and his motions seeking to pursue his claims under § 1983 in this case will be denied.

Mayton is advised that some challenges to parole procedures may be actionable under § 1983 where the relief sought is not the inmate's release. To bring such claims, however, Mayton must first comply with necessary procedures for filing a prisoner civil rights action in federal court. See 28 U.S.C. § 1915 (regarding payment of filing fee); 42 U.S.C. § 1997e(a) (regarding exhaustion of administrative remedies).

convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654(a)(1); § 17.1-411. In the alternative, he can file a state <u>habeas</u> petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654(a)(1). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

Mayton's submissions clearly indicate that he has state court remedies still available to him, namely, Circuit Court <u>habeas</u> proceedings and a subsequent appeal to the Supreme Court of Virginia if the Circuit Court petition is denied, or a petition for a writ of habeas corpus in the Supreme Court of Virginia. Thus, the court must dismiss Mayton's § 2254 petition without prejudice for failure to exhaust state court remedies.[4] See <u>Slayton v. Smith</u>, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 19th day of June, 2013.

*/s/ Glen Conrad*
Chief United States District Judge

---

[4] The court notes that if Mayton is dissatisfied with the outcome of state court proceedings on his parole claims and wishes to return to this court with a § 2254 petition, he must provide specific information concerning the rulings of the Parole Board that he is challenging. His current petition fails to provide such information.